HACKBARTH, Respondent, vs. WOLLNER and wife, Appellants.

*October 6 — October 23, 1894.*

(1) *Land contract: Sale of known farm: Mention of quantity.* (2) *Delivery of personal property: Demand: Pleading.*

1. A contract by a man and his wife to sell and convey "their homestead farm, being seventeen acres in the town of P. and fifty-four and one-half acres in the town of G., together with all the farming implements," etc., is *held* to be a contract for the sale of a known farm and not of a specified quantity of land, the mention of the number of acres being for the purpose of description only.

2. No time being specified in such contract for delivery of the personal property, a mere failure of the vendors to deliver it is not a breach of the contract if the vendee has never taken possession of the farm nor demanded possession thereof or of the personal property.

APPEAL from the Circuit Court for *Ozaukee* County.

This is an action for breach of a contract to convey certain real estate and personal property. The complaint alleges that the plaintiff and the defendant *Michael Wollner* and his wife made a written agreement, April 8, 1892, a copy of which is attached to the complaint. The material parts of the agreement are that *Wollner* and his wife

agree to sell and convey by warranty deed on or before June 1, 1892, " their homestead farm," being seventeen acres in the town of Port Washington, and fifty-four and one-half acres in the town of Grafton, Ozaukee county, together with all and singular farming implements and utensils, and all stock and crops and grain, excepting one cow and one ton of hay. In payment thereof *Hackbarth* agrees to convey certain real estate in Milwaukee on or about June 1, 1892, and give mortgages on the farm for $4,000.

The complaint alleges that plaintiff performed all the conditions of the agreement on his part, and then ascertained that the farm only contained sixty-nine and one-half acres of land, but that he accepted a deed from defendants which specified that the farm contained sixty-nine and one-half acres, on the assurance of the defendants that in fact it contained seventy-one and one-half acres. As breaches of the contract, the plaintiff alleges the fact that defendants only conveyed sixty-nine and one-half acres, when they agreed to convey seventy-one and one-half acres; also, " that defendants have failed to deliver to the plaintiff other personal property which they were to deliver to him according to said contract, to wit, one wheelbarrow, worth two dollars, milk cans, . . . worth six dollars, and one watch dog, worth ten dollars." A general demurrer to this complaint was overruled, and defendants appealed.

*James F. Trottman,* for the appellants.

For the respondent the cause was submitted on the brief of *H. B. Schwin.*

WINSLOW, J. Whether the original contract had been merged in the deed, we shall not consider, because we are very well satisfied that this was a contract to convey a known farm, and that the mention of the number of acres was only for the purpose of description. The sale was a

sale of the "homestead farm," and not of a specified number of acres. The case of *Docter v. Furch*, 76 Wis. 153, is conclusive on this point, and nothing need be added to the discussion of the question contained in that case.

As to the personal property, the allegations are entirely insufficient to make a good cause of action. The contract simply provides that the personal property named is to be conveyed to plaintiff, but no time of delivery is specified. The necessary inference is that it was to be left on the farm, or delivered when the plaintiff took possession. It does not appear from the complaint that plaintiff has ever taken possession of the farm, or demanded possession either of the farm or the personal property. We cannot assume either of these facts, and in the absence of either of them there does not appear to have been any breach of the contract.

*By the Court.*— Order reversed, and action remanded with directions to sustain the demurrer to the complaint.